MOORE, APPELLEE, *v.* SWEDA, APPELLANT.

(No. 1427—Decided October 30, 1985.)

*Thomas J. Filous,* for appellee.
*Robert J. Tine,* for appellant.

GEORGE, P.J. Defendant-appellant John Sweda appeals the judgment order of the trial court (1) granting plaintiff-appellee Frank Moore a cash award, and (2) allowing him to purchase Sweda's share of a partnership or, in the alternative, dissolving the partnership. This court affirms.

Moore and Sweda signed a partnership agreement to form M & S Properties on July 29, 1982. The purpose of the partnership was to purchase and develop a piece of commercial property in Brunswick for the two partners to operate their separate businesses. The agreement called for each partner to contribute $20,000 to the initial capital of the partnership and to share equally in any additional capital requirements. They were also to share equally in any profits or losses generated by the partnership and were to be equally responsible for operating and maintaining the partnership business and properties.

It is undisputed that Moore contributed his initial $20,000, but that Sweda did not. It is also undisputed that Moore subsequently contributed $10,000 more toward the construction account. In addition, Moore put up a $25,000 certificate of deposit as security on a loan taken by the two partners for the partnership which was called in by the bank. The parties agreed that Sweda's in-

itial contribution would come from an anticipated highway appropriation which had been estimated at a minimum of $18,230. The state did in fact deposit this amount in June 1983 with the clerk of court after its offer was rejected by the partnership and a suit commenced to establish the fair market value of the property needed for widening of Highway 42 at that site. But immediately thereafter $14,192.90 of that was attached by the state to satisfy a sales tax obligation of Sweda which was unrelated to the partnership business. A jury subsequently awarded $69,000 for the appropriated property.

Moore filed suit on the partnership contract in April 1983, seeking an accounting and to have the partnership dissolved, plus $20,000 in damages. By agreement of the parties, a receiver was appointed to collect rents from the parties and to make mortgage and other necessary payments.

The trial court found that Sweda had breached the terms of the partnership agreement and that Moore was thus entitled under the terms of the agreement to exercise an option to buy out Sweda's share. If Moore failed to exercise that option, the court declared the partnership would be dissolved. In addition, the court found Moore entitled to $41,713.96. It is from this judgment entry that Sweda appeals.

By agreement of the parties after oral argument before this court, the amount of the judgment award was reduced to $33,733.40 and the second assignment of error withdrawn. The remaining four assignments of error will be considered in order.

### Assignment of Error I

"The trial court erred when it awarded a monetary judgment against the defendant in excess of the amount of money demanded in the amended complaint."

Sweda argues that Civ. R. 54(C)

limits the amount of money a trial court may award to the sum claimed in the complaint. The rule provides in pertinent part:

"* * * a demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial. * * *"

Sweda's argument, however, ignores the totality of Moore's demands. In addition to the $20,000 monetary demand, Moore asked for an accounting and dissolution in accordance with Ohio's Uniform Partnership Law. R.C. 1775.21. An action for an accounting seeks a determination by a court of what may be due the respective parties as a result of the relationship between them. See, generally, 13 Ohio Jurisprudence 3d (1979) 155, Business Relationships, Section 1015. This accounting would explore all rights under terms of the partnership agreement, not just monetary rights, but clearly the ascertainment of monies due is an essential part of the process. Moore's complaint then asked for more than $20,000 and the trial court did not err in exceeding that amount. The first assignment of error is thus overruled.

### Assignment of Error III

"The trial court erred in allowing testimony and evidence of events which occurred subsequent to the date of the filing of the amended complaint."

Sweda argues that evidence concerning his payment or non-payment of rents subsequent to the date of the filing of the amended complaint should have been excluded because Moore did not amend his complaint pursuant to Civ. R. 15(B) to reflect the "issue of John Sweda's alleged failure to make rental payments."

The theory behind Moore's complaint was a breach of contract. The partnership agreement, Section 3, con-

templates the drafting of leases whereby both partners would pay for occupying space in the partnership's building. Both testified at the hearing that they had agreed this "rent" payment would cover the mortgage payment and other partnership expenses such as insurance and taxes. Section 8 specifies that each partner shall "pay and satisfy his own personal debts." Failure to pay the agreed rent then is evidence of a breach of contract, not a new issue which should have been incorporated into the complaint. No amendment of the complaint was necessary.

In addition, Sweda surely must have been aware the question of rental payments for that period would be raised because his non-payment was the basis of a forcible entry and detainer action filed in another court by the court-appointed receiver, which was consolidated with this cause of action. While the forcible entry and detainer action was subsequently dismissed, the trial court still was entitled to consider evidence as to payment or non-payment of rent as it was relevant to the issue of breach of contract, regardless of when the alleged non-payment occurred. Furthermore, such information would be necessary for the court, in adjusting accounts between the parties, to determine how much was owed. The third assignment of error is thus overruled.

### Assignment of Error IV

"Equitable considerations required the trial court to not order dissolution of the partnership."

Sweda argues Moore should be estopped from seeking dissolution of the partnership because he knew Sweda did not have the cash to contribute when the agreement was signed, yet he proceeded to procure a loan and embark on renovation and expansion of the property. In reliance upon this behavior by Moore, Sweda claims he contributed "a tremendous amount of money," as well as time and labor, to the partnership and that Moore, having accepted those benefits, should be estopped from dissolving the partnership.

Estoppel is based upon the theory that where one has by his words or conduct induced another to change his position to his damage, disadvantage, or detriment, he is estopped from benefiting by such conduct. 42 Ohio Jurisprudence 3d (1983) 49, Estoppel and Waiver, Section 31. The facts of this case, however, do not support the argument that Moore ever misled Sweda as to his obligation to contribute toward the capital. of the partnership. Both testified that they had discussed the fact that Sweda did not have $20,000 in cash to make an immediate contribution. But they expected the state appropriation money to amount to at least $18,230 and Moore had agreed that that money would be Sweda's share of the initial capital contribution. They had even discussed the possibility of Sweda borrowing the money from his father or a cousin if the appropriation money was not immediately forthcoming. In their application for a loan, it was clearly stated that both parties would put up $20,000 each as their initial contribution. The $25,000 loan, secured by Moore's $25,000 certificate of deposit, was taken at the urging of the bank to cover Sweda's obligation for the initial contribution, as well as his share of certain construction overruns.

Furthermore, there is no evidence of any "tremendous amount of money" contributed by Sweda. The only large amount attributed to him was the $4,037.90 left from the state appropriation deposit after some $14,000 had been attached by the state for Sweda's taxes. There is no basis here for equitable estoppel and the fourth assignment of error is overruled.

### Assignment of Error V

"The judgment of the trial court is

against the manifest weight of the evidence.''

In view of all of the above, it is clear the trial court had sufficient competent, credible evidence to support a finding that Sweda had breached the terms of the partnership agreement by failing to make the necessary financial contributions and failing to make rental payments for six months. As such, the judgment of the trial court will not be reversed as being against the manifest weight of the evidence. *C. E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. The order of the court permitting Moore to exercise the option of buying out Sweda's share of the partnership or in the alternative of dissolving the partnership and granting an award, being $33,733.40 as modified by stipulation of the parties following oral argument, is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.