DIEFENTHALER, APPELLANT AND CROSS-APPELLEE, *v.* DIEFENTHALER, APPELLEE AND CROSS-APPELLANT.

(No. OT-88-44—Decided January 4, 1989.)

*Mark E. Mulligan,* for appellant and cross-appellee.

*David M. Schnorf,* for appellee and cross-appellant.

*Per Curiam.* This matter is before the court on the motion of appellant, Nadia K. Diefenthaler, requesting that this court assess as an appellate cost the expense of preparing the transcript of the lower court proceedings.

Under App. R. 24, an appellate court is directed to assess costs upon final disposition of the case. That section does not, however, define what expenses constitute "costs." We hold that "costs" encompasses only court costs and not the expenses of litigation for the following reasons: First, the legislature previously enacted a statute which provided that the costs of preparing a transcript shall be paid by the appellant, who would be reimbursed if his appeal was successful. R.C. 2505.08. However, this statute was revised by the legislature effective March 17, 1987, to provide that the cost of the transcript must be taxed as a cost of the appeal only if the appeal is from an administrative body. By deleting the section which directed that the cost of every transcript should be assessed as an appeal cost, the legislature has clearly indicated that such expense is not a "cost" as the term is used in the statute. Second, consistent with this conclusion is the general rule under Ohio law that expenses of litigation, other than court costs, must be paid by the party incurring them. See *Gustafson* v. *Cotco Enterprises, Inc.* (1974), 42 Ohio App. 2d 45, 52, 71 O.O. 2d 264, 269, 328 N.E. 2d 409, 414.

Accordingly, we find appellant's motion not well-taken, and it is denied.

It is so ordered.

*Judgment accordingly.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.