**KRUSE, Appellee,**

v.

**VOLLMAR et al., Appellants.**

[Cite as *Kruse v. Vollmar* (1993), 85 Ohio App.3d 198.]

Court of Appeals of Ohio,
Wood County.

No. 92–WD–019.

Decided Jan. 25, 1993.

---

*James Hammer,* for appellee.

*John F. Potts,* for appellants.

*Per Curiam.*

This matter is before the court on appellants' "MOTION FOR RECONSIDERATION AND/OR CLARIFICATION," filed November 24, 1992; the "MEMORANDUM OF APPELLEE IN OPPOSITION TO APPELLANTS' MOTIONS TO TAX COST AND FOR RECONSIDERATION" filed December 17, 1992; and appellants' "MEMORANDUM IN SUPPORT OF BILL OF COSTS," filed December 21, 1992.

On November 20, 1992, this court filed our opinion and judgment entry in which we found, in part, that the partnership between appellants and appellee must be dissolved and that the date for dissolution is "* * * the date on which the trial court enters its judgment of dissolution * * *." *Kruse v. Vollmar* (1992), 83 Ohio App.3d 378, 385, 614 N.E.2d 1136, 1141. We also determined, pursuant to *Moore v. Sweda* (1985), 27 Ohio App.3d 38, 27 OBR 40, 499 N.E.2d 371, that the trial court did not err in awarding compensatory damages to appellee in the absence of a specific monetary prayer therefor. *Vollmar, supra,* 83 Ohio App.3d at 389, 614 N.E.2d at 1143.

In their application for reconsideration, appellants urge two grounds for reconsideration: (1) many significant events have transpired during the course of proceedings in this case and, "[w]hile none of those events are included in the record of this appeal, the trial court should not be prevented from considering those events in the first instance in order to ascertain what the proper date of dissolution should be"; and (2) we did not consider appellants' argument that *Moore* was "presumptively overruled" by *Bishop v. Grdina* (1985), 20 Ohio St.3d 26, 20 OBR 213, 485 N.E.2d 704.

As stated in *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 143, 5 OBR 320, 324, 450 N.E.2d 278, 282, the test generally applied upon the filing of an application for reconsideration in the court of appeals is whether such application "* * * calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been."

As to appellants' first ground for reconsideration, although the events which appellants claim we failed to consider are not part of the record, we nevertheless did fail to fully consider that there may be events that could cause the trial court, in the first instance, to establish the date of dissolution at a time previous to its final judgment entry. We find, therefore, that appellants' application for reconsideration is well taken as to the date of dissolution of the partnership.

As to appellants' second ground for reconsideration, we did consider appellants' argument that *Moore* was "presumptively overruled" by *Grdina,* but rejected it. We found in our opinion of November 20, 1992, that *Grdina* represents the general rule and *Moore* is an exception. To further clarify, *Grdina* did not explicitly overrule *Moore* and, since *Grdina* did not involve an action for partnership accounting, neither did it "presumptively overrule" *Moore.*

Upon full consideration of appellants' "MOTION FOR RECONSIDERATION AND/OR CLARIFICATION," this court finds said motion well taken in part as set forth above and, to that extent, said motion is granted.

█ As to the matter concerning appellants' "BILL OF COSTS," filed November 24, 1992, although this is not a motion, this court construes appellee's memorandum in opposition thereto as a motion to exclude from "costs" under App.R. 24 the expenses incurred in preparing the trial transcript. Appellee relies upon this court's decision in *Diefenthaler v. Diefenthaler* (1989), 56 Ohio App.3d 150, 565 N.E.2d 857. That case, however, has been specifically superseded by App.R. 24(B), amended effective July 1, 1992. See, also, Staff Note to App.R. 24.

Appellee's motion to exclude from "costs" the expenses incurred in preparation of the trial transcript is not well taken and is denied. The cost of preparing the trial transcript will be taxed as "costs."

*Judgment accordingly.*

GLASSER, P.J., ABOOD and SHERCK, JJ., concur.