Glen E. Stone appeals the judgment of the trial court and assigns the following errors:
ASSIGNMENT OF ERROR I
 "THE COURT ABUSED ITS DISCRETION IN CALCULATING CHILD SUPPORT BY IMPUTING INCOME TO DEFENDANT IN VIOLATION OF 3113.215(a)(5), BY NOT FIRST FINDING HIM TO BE VOLUNTARILY UNEMPLOYED OR UNDEREMPLOYED AND BY NOT CLEARLY ARTICULATING A BASIS FOR THE FIGURES USED."
 ASSIGNMENT OF ERROR II
 "THE TRIAL COURT'S DECISION TO DENY APPELLANT A DEVIATION IN HIS CURRENT SUPPORT OBLIGATION PURSUANT TO 3113.215(b)(3)(D) FOR THE COSTS OF TRAVEL INCURRED IN EXERCISING HIS VISITATION RIGHTS WITH THE PARTIES (SIC) CHILDREN WAS AN ABUSE OF DISCRETION AND AGAINST THE WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR III
 "THE TRIAL COURT'S REFUSAL TO USE $18,069 AS APPELLANT'S 1994 GROSS INCOME IN THE COMPUTATION OF APPELLANT'S PAST CHILD SUPPORT ARREARS WAS AN ABUSE OF DISCRETION AND AGAINST THE WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR IV
 "THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING THE PAST CHILD SUPPORT MODIFICATION RETROACTIVE TO THE HEARING DATE, 7/17/95, INSTEAD OF THE DATE OF FILING OF DEFENDANT'S MOTION FOR MODIFICATION, 5/8/95."
 ASSIGNMENT OF ERROR V
 "THE TRIAL COURT ERRED BY DENYING APPELLANT'S 60(B) MOTION FOR RELIEF FROM JUDGMENT AND BY DENYING APPELLANT'S REQUEST FOR AN EVIDENTIARY HEARING ON SAME."
 ASSIGNMENT OF ERROR VI
 "THE TRIAL COURT ERRED BY GRANTING A DISTRIBUTIVE AWARD WITHOUT MAKING A DETERMINATION THAT A DIVISION OF MARITAL PROPERTY IN KIND OR IN MONEY WOULD BE IMPRACTICABLE OR BURDENSOME AS REQUIRED BY R.C. 3105.171(E)(2)."
 ASSIGNMENT OF ERROR VII
 "THE COURT ERRED BY REFUSING TO GRANT JUDGMENT IN FAVOR OF APPELLANT FOR 1/2 THE COSTS OF HIS COPY OF THE TRANSCRIPT AS RECOVERABLE "COSTS" UNDER APPELLANT RULE 24(b) AS AWARDED IN CASE NO. 95-CA-547."
 ASSIGNMENT OF ERROR VIII
 "THE TRIAL COURT'S DECISION GRANTING CUSTODY OF THE PARTIES' CHILDREN TO APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, BECAUSE IT WAS BASED UPON CIRCUMSTANCES WHICH WERE FUNDAMENTALLY UNFAIR AND PREJUDICIAL TO APPELLANT, AND WHICH CIRCUMSTANCES WERE CREATED BY THE PRIOR ORDER OF THE TRIAL COURT, SAID ORDER HAVING PREVIOUSLY BEEN REVERSED ON APPEAL."
 ASSIGNMENT OF ERROR IX
 "THE TRIAL COURT'S DECISION TO NAME APPELLEE AS RESIDENTIAL PARENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR X
 "THE TRIAL COURT'S ADMISSION INTO EVIDENCE OF APPELLANT'S UNPAID CHILD SUPPORT ARREARS AT A TIME WHEN HIS PRIOR FINDING OF CONTEMPT WAS PENDING APPEAL WAS UNFAIRLY PREJUDICIAL AND WAS AN ABUSE OF DISCRETION."
 ASSIGNMENT OF ERROR XI
 "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING VISITATION IN ACCORDANCE WITH PIKE COUNTY'S STANDARD ORDER WHEN THE PARTIES LIVE APPROXIMATELY 100 MILES APART."
This is the fourth appeal relating to the parties' divorce. The parties were married in 1983, had two children and were divorced in 1994. In Slone v. Slone (Mar. 31, 1998), Pike App. No. 96CA586, unreported, we summarized the procedural history of this case:
 "* * *In its December 7, 1994 decree of divorce, the trial court ordered shared parenting of the parties' two minor children and ordered appellant to pay $448.65 per month in child support.
 Appellant appealed. Appellee cross-appealed. See Slone v. Slone (July 12, 1996), Pike App. No. 95CA547, unreported. * * * ["Slone I"].
 On May 8, 1995, while the parties' respective appeals were pending before this court, appellant filed a motion with the trial court to reduce his child support obligation. On July 17, 1995, the trial court entered judgment reducing appellant's child support obligation to $246.72 per month, plus poundage. Appellant appealed. Appellee cross-appealed. See Slone v. Slone (Nov. 22, 1996), Pike App. No. 95CA557, unreported. ["Slone II"]
 Thereafter, on June 18, 1996, while both sets of appeals were pending before this court, appellee filed a "Motion for Rule of Contempt," based upon appellant's alleged non-compliance with the trial court's July 17, 1995 support order.
 On July 12, 1996, we handed down Slone I, in which we, inter alia, reversed the trial court's December 7, 1994 award of shared parenting. Finding error in the trial court's sua sponte
creation/amendment of a shared parenting plan, we remanded the matter to the trial court for further proceedings in accordance with R.C. 3109.04.
In Slone II, we reversed and remanded the trial court's judgment on appellant's motion to modify child support because the court had failed to complete a child support worksheet. InSlone III, we reversed the trial court's finding of contempt against appellant because the trial court failed to allow appellant an opportunity to present a defense against the contempt charge for failure to pay child support.
In his first assignment of error, the appellant argues that the trial court improperly imputed income to him in determining his income for child support purposes. We review this assignment under an abuse of discretion standard. An abuse of discretion involves more than a mere error of judgment; it connotes an attitude on the part of the trial court that is arbitrary, unreasonable or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard of review, an appellate court may not simply substitute its judgment for that of the trial court.In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138.
In determining child support, the trial court may consider a person's "potential income" when it computes a support obligation if the trial court determines from the facts and circumstances of the case that the person is voluntarily underemployed or unemployed. Rock v. Cabral (1993), 67 Ohio St.3d 108. Before a trial court can impute income, it must expressly find that the person is voluntarily underemployed or unemployed. Leonard v. Erwin (1996), 111 Ohio App.3d 413, 417; R.C. 3113.215(A)(5). In doing so, it must apply the factors set forth in R.C. 3113.215(B)(3). The trial court made no express finding nor did it expressly consider the statutory factors in this case, so it was an abuse of discretion for it to impute income to the defendant.
We recognize that this case presents the trial court with a more complicated situation than the usual case because appellant's income varies from year to year and has dropped precipitously since the divorce. However, in determining income, a trial court cannot simply pick a historical figure and denominate it as the party's permanent earning capacity. The Revised Code has provided tools to deal with this type of situation including the factors set forth in R.C.3113.215(B)(3) and the discretion to average a party's income over a reasonable period of time. See R.C. 3113.215;Barnhart v. Barnhart (Dec. 9, 1998), Summit App. No. 18868, unreported.
Therefore, we sustain appellant's first assignment of error and remand this case to the trial court for the sole purpose of redetermining appellant's total annual gross income and the recalculation of appellant's child support obligation based upon this figure.
In his second assignment of error, appellant argues that the trial court abused its discretion by failing to credit him with a deviation in child support for the cost of visitation. Appellant lives in Waverly, Ohio, while appellee lives in, Maineville, Ohio with the children. Appellant asserts that he must travel four-hundred miles for each visitation,i.e., two-hundred miles for each round trip to pick up and drop off his children. Appellant argues that this translates into an expense of about $3,100 using ten thousand miles per year at thirty-one cents per mile, the standard IRS deduction.
We apply the abuse of discretion standard when reviewing matters related to child support. Booth v. Booth (1989),44 Ohio St.3d 142, 144; State ex rel. Scioto Cty. Child SupportEnforcement Agency v. Gardner (1996), 113 Ohio App.3d 46, 52.
R.C. 3113.214 sets forth the procedures a trial court must follow when calculating a parent's support obligation.Rock, 110. R.C. 3113.215(B)(1) requires the trial court's calculation to be made in accordance with the basic child support schedule set forth in R.C. 3113.215(D), the applicable child support worksheet set forth in R.C. 3113.215(E) or (F), as well as the other provisions of that section.
The amount of child support calculated using the schedule and worksheet is presumed to be the correct amount of child support due. R.C. 3113.215(B)(1). The trial court may vary from this figure if it determines that the amount calculated under the schedule and worksheet would be unjust or inappropriate and would not be in the best interests of the children. R.C.3113.215(B)(1)(a). Moreover, the trial court must state findings of fact which support its determination to vary from the scheduled amount. R.C. 3113.215(B)(1)(b). We note that appellant alleged the exact same error by the trial court inSlone II. We rejected it by stating:
 "The testimony at the hearing revealed that the parties met at a half-way point each weekend visitation was scheduled and each party paid for its own costs, such as gas and food. Considering that both parties have approximately the same transportation costs, we find that the trial court did not abuse its discretion in determining that these costs would not be factored into the child support calculations."
The testimony at several hearings indicated that although a court order was in effect for the parties to meet at a half-way point to exchange the children, appellant insisted upon driving the entire distance to appellee's residence to pick up and drop off the children.[2] Given that appellant, on his own initiative, chose to incur additional costs for visitation, it was not an abuse of discretion for the trial court to refuse to deviate from the child support guidelines set forth in R.C. Chapter. 3113. Thus, we overrule appellant's second assignment of error.
In his third assignment of error, appellant argues that the trial court abused its discretion by failing to adopt appellant's recalculation of his 1994 income. In the original proceeding to modify child support, the trial court determined appellant's 1994 income to be $22,234. We reversed and remanded the trial court's modification of child support in Slone II
because the trial court failed to attach a child support worksheet to the judgment entry. On remand, the appellant presented evidence including an amended tax return to show that his 1994 income was actually less. When reviewing the propriety of a trial court's determination in a domestic relations case, we use the abuse of discretion standard defined above.
The trial court found "these amended figures [to be] not credible based on the testimony at the hearing and other evidence in the record." The trial court is entitled to make its own judgments as to credibility because it is in the best position to observe the witnesses' gestures and voice inflections. Jane Doe 1, supra; Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77. Thus, the trial court did not abuse its discretion by failing to believe evidence that it had found to be not credible, i.e., appellant's changes to his previous computation of his 1994 income. We overrule appellant's third assignment of error.
In his fourth assignment of error, appellant complains that the trial court abused its discretion by making the reduction in child support retroactive to July 17, 1995, the date of the original entry modifying the child support. Appellant asserts that the trial court abused its discretion by not making the modification retroactive to the date of filing of the motion for modification, e.g. May 8, 1995.
The trial court has discretion to modify a child support order and may do so retroactively. R.C. 3113.21; Archer v.Archer (Sept. 24, 1997), Pickaway App. No. 96CA37, unreported. The trial court also has the discretion to limit the retroactivity of its order modifying child support, but if the trial court wishes to do so "it must state its reasons for the limitations." Archer, 10. See, also, Dzeba v. Dzeba (Dec. 1, 1993), Summit App. No. 16225, unreported.
The trial court did not act arbitrarily, unreasonably or unconscionably in limiting the retroactivity of the order modifying child support. The trial court made the order modifying the child support retroactive to July 17, 1995 "the interest of justice and the best interest of the children." July 17, 1995 is the date of the original order modifying the child support, which we reversed in Slone II. We held in Slone
II that the trial court had acted within its discretion by refusing to make the order modifying the child support retroactive. See Slone II, 8-9. Accordingly, we overrule appellant's fourth assignment of error.
In his fifth and sixth assignments of error, appellant argues that the trial court erred by denying his Civ.R. 60(B)(5) motion for relief from judgment and by denying his request for an evidentiary hearing on the motion. We will not reverse a trial court's decision whether to grant relief from judgment pursuant to Civ.R. 60(B) absent an abuse of discretion.State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149;Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. In order to prevail on a Civ.R. 60(B) motion, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) to (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." Richard, 151 citing GTEAutomatic Elec. Inc. v. ARC Industries. Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of the three requirements are not satisfied, Civ.R. 60(B) relief is improper. Richard; Strack v. Pelton (1994), 70 Ohio St.3d 172.
Civ.R. 60(B) provides in part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * *; (5) any other reason justifying relief from judgment. * * *"
Civ.R. 60(B)(5) applies only when a more specific provision does not apply. Strack, supra at 174; Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 66. Civ.R. 60(B)(2) specifically addresses newly discovered evidence; therefore a claim for Civ.R. 60(B) relief that relies on newly discovered evidence must be brought under Civ.R. 60(B)(2) within one year after the judgment. Strack, 174-175.
In his fifth assignment of error, the appellant argues that the trial court erred by failing to re-determine the parties' marital debt to his father, Carl Slone. In his sixth assignment of error, he argues that this new information, along with our decision in Slone I that the trial court had erred in calculating the value of the marital assets by including the value of a barn twice, required the trial court to grant relief from the divorce decree and re-calculate the division of marital property. In the divorce decree, the trial court found that the parties owed approximately $30,000 to Carl Slone and that the debt was marital. Subsequently, Carl Slone obtained a judgment against appellant for approximately $46,000. Appellant sought Civ.R. 60(B)(5) relief in order to "recalculate" the parties marital debt.[3] Appellant asked the trial court to consider new evidence, i.e., Carl Slone's judgment, in re-calculating the distribution of the parties marital property. Appellant improperly characterized his Civ.R. 60(B) motion under the "catch all" provision of (B)(5). The judgment from which appellant seeks relief was filed in 1994, i.e., the divorce decree, but he did not file his Civ.R. 60(B) motion until 1997, well after the one year deadline. Thus, his Civ.R. 60(B) motion was untimely and the trial court did not abuse its discretion in overruling it. See GTE Automatic Elec. Inc.,supra. Accordingly, we overrule appellant's fifth and sixth assignments of error.
In his seventh assignment of error, appellant argues that the trial court erred by failing to include a second copy of the transcript for use by his counsel in the 'costs' we ordered the parties to split in Slone I. App. R. 24 provides in part:
 "(B) As used in this rule, "costs" means an expense incurred in preparation of the record including the transcript of proceedings, fees allowed by law, and the fee for filing the appeal.
* * *"
The plain language of App. R. 24 includes three types of expenses: (1) expenses incurred in preparing the record; (2) fees allowed by law; and (3) the filing fee for the appeal. The transcript filed with the court becomes part of the record and is thus included in the first type of expenses defined as costs. See, e.g., Kruse v. Vollmar (1993), 85 Ohio App.3d 198. To the contrary, a second copy of the transcript prepared for use by appellate counsel is not "an expense incurred in preparation of the record," and thus is not part of the "costs" as defined by App. R. 24. Accordingly, the trial court did not err by failing to credit appellant with one-half of the cost of the transcript for preparation of his appeal in Slone I. We overrule appellant's seventh assignment of error.
In his eighth and ninth assignments of error, appellant asserts that the trial court erred by awarding custody of the parties' two children to appellee. It is well settled that a trial court is given broad discretion in its determination of parental custody rights. Booth, supra. A trial court's custody determination will therefore not be disturbed unless it involves an abuse of discretion. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 23.
Appellant first argues that the grant of custody to appellee was based upon circumstances fundamentally unfair and prejudicial to appellant, i.e., the prior court ordered shared parenting agreement that was later reversed by Slone I. InSlone I, we reversed the trial court's award of shared parenting because the trial court sua sponte created a shared parenting plan and remanded the matter to the trial court. On remand, the trial court granted temporary custody to appellee and then held a hearing on May 19, 1997 to determine who would receive permanent custody of the parties' two children. The children have primarily resided with appellee since the divorce.
The appellant directs us to In re Markum (1990), 70 Ohio App.3d 841, to support his argument that appellee should not benefit from having been the residential parent for almost two and a half years when the order establishing her status as residential parent was later reversed on appeal. Markum is inapposite to this case. The father in Markum kidnapped the children by taking them to Florida and refusing to allow them to return to Ohio or even speak to their mother. By contrast, appellee had custody of the children pursuant to a court order and permitted appellant to have the court ordered visitation with their children. Thus, we reject appellant's argument that the trial court could not properly consider the children's adjustment to their home with appellee because the initial custody order had been overturned on appeal. Accordingly, we overrule appellant's eighth assignment of error.
In his ninth assignment of error, appellant argues that the award of custody to appellee is against the manifest weight of the evidence. A reviewing court will not reverse an award of custody as being against the manifest weight of the evidence if it is supported by substantial competent, credible evidence.Davis v. Flickinger (1997), 77 Ohio St.3d 415 citing Bechtol, supra at the syllabus. In allocating the parental rights of the parties, the trial court must take into account the best interests of the children. R.C. 3109.04(B)(1). In determining the best interests of the children, the trial court must consider all relevant factors, including but not limited to, those listed in R.C. 3109.04(F)(1):
 "(a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25
of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
A careful review of the record in this case reveals competent, credible evidence to support the trial court's award of custody to appellee. Several witnesses testified that appellee and her current husband are very involved in the children's school and extracurricular activities. The appellee has provided a stable home for the children. Several witnesses testified that the children are happy and well-adjusted while living with appellee. Carl Slone testified that appellee is a good mother. Thus, the trial court's award of custody is not against the manifest weight of the evidence. We overrule appellant's ninth assignment of error.
In his tenth assignment of error, the appellant argues that the trial court erred by admitting into evidence at the custody hearing the fact that appellant was in arrears on his child support obligation because the appeal of the trial court's finding of contempt for failure to pay child support was pending. Trial courts have broad discretion in the admission and exclusion of evidence. State v. Sage (1987), 31 Ohio St.3d 173; State v. Reed (1996), 110 Ohio App.3d 749. Absent an abuse of this discretion, a reviewing court will not reverse a trial court's ruling on the admissibility of evidence. Id. An abuse of discretion is more than an error of judgment, it implies that the court's ruling is "unreasonable, arbitrary, or unconscionable." State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149 citing State v. Adams (1980), 62 Ohio St.2d 151,157. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728; In re Jane Doe1, supra.
R.C. 3109.04(F)(1)(g) requires the trial court to consider "whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order which that parent is an obligor." Upon appellant's objection, the trial court agreed to not consider the finding of contempt that had been appealed, but did allow testimony about the history of appellant's payment of child support. The trial court did not act arbitrarily, unreasonably, or unconscionably by allowing presentation of evidence that it is required by law to consider. Appellant's appeal of the trial court's judgment finding him in contempt for non-payment of child support did not affect whether appellant had actually failed to pay child support. Therefore, the trial court did not abuse its discretion in admitting evidence pertaining to appellant's child support arrearage and we overrule his tenth assignment of error.
In his eleventh assignment of error, the appellant argues that the trial court abused its discretion by ordering visitation in accordance with Pike County's standard visitation order when the parties live approximately one hundred miles apart. Appellant argues that this presents a hardship because of the distance the children must travel for visitations, so the trial court should have crafted its visitation order to the parties' circumstances. Appellant asserts that the trial court should have ordered less frequent visitations of a longer duration. While we tend to agree that the parties' circumstances do not present the standard situation, appellant did not make this argument to the trial court; therefore, he has waived this argument. Stores Realty v. Cleveland (1975),41 Ohio St.2d 41, 43; Lippy v. Society Natl. Bank (1993), 88 Ohio App.3d 33. Appellant never objected to the use of the standard order in the trial court. After the court's decision on custody was filed, appellant filed a motion entitled "Request for Clarification of Visitation Rights," but did not object to the court's use of the standard order. Therefore, appellant has waived any objection to the visitation order. State v.Henderson (1989), 62 Ohio App.3d 848, 853.
In sum, we have overruled all of appellant's assignments of error except his first assignment of error, which we sustained. Accordingly, we affirm in part and reverse in part and remand to the trial court.
JUDGMENT AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and cause remanded to the trial court for further proceedings consistent with this opinion and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, P.J. and Abele, J. Concur in Judgment opinion:
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[2] There was some disagreement over this court order, i.e., the entry ordered the parties to meet at a location in Hillsboro on State Route 62, when in fact, Route 62 is a United States Route. Appellee was willing to meet at this location despite the mistake in the order, but appellant insisted upon driving the entire distance.
[3] In the trial court, appellant argued three different grounds for relief under Civ.R. 60(B)(5). In his appellate brief, he argues only two, that the judgment obtained by his father should be used to change the "marital debt" of the parties and that a new distributive award requires a hearing and specific findings. We, therefore, do not address the other ground. App. R. 12.