BISHOP ET AL., APPELLANTS, *v.* GRDINA ET AL., APPELLEES.

[Cite as Bishop *v.* Grdina (1985), 20 Ohio St. 3d 26.]

(No. 84-1861—Decided November 13, 1985.)

*Joseph W. Diemert, Jr. & Assoc. Co., L.P.A., Joseph W. Diemert, Jr.* and *Thomas M. Hanculak,* for appellants.

*Bernard, Haffey & Bosco Co., L.P.A., Edward G. Bohnert* and *J. Ross Haffey, Jr.,* for appellees.

*Per Curiam.* The issues presented in this appeal are: (1) whether the $500,000 punitive damage award as to the 1977 sales contract was properly stricken; and (2) whether the total punitive damages awarded was properly decreased pursuant to Civ. R. 54(C). We affirm on both issues.

## I

This court stated in paragraph one of the syllabus in *Richard* v. *Hunter* (1949), 151 Ohio St. 185 [39 O.O. 24], that "[e]xemplary or punitive damages may not be awarded in the absence of proof of actual damages." This position was recently upheld in *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, where the court states at 82: "* * * [W]e believe that punitive damages are highly irregular absent proof of any actual damages."

Appellants seize upon this language from *Seasons Coal Co.* and claim that theirs is an example of such a "highly irregular" situation. Appellants

argue that the two June 29, 1977 contracts were inseparable, in that they dealt with the same subject matter and involved essentially the same parties. Thus, it is claimed, the compensatory damages awarded as to the maintenance contract provide support for the punitive damages awarded on the sales contract.

We decline, however, to adopt appellants' reasoning. The purpose of the *Richard* rule is to keep the punitive damages awarded a mere *incident* of the cause of action, rather than let it become a cause of action in and of itself. Punitive damages are awarded as punishment for causing compensable harm and as a deterrent against similar action in the future. No civil cause of action in this state may be maintained simply for punitive damages. *Schumacher* v. *Siefert* (1930), 35 Ohio App. 405.

In this case, a contract was entered into on June 29, 1977 by Dr. Suresky, as purchaser, and one of the appellee business entities, as seller. The contract was allegedly fraudulent, and the purchaser sued. The jury awarded no compensatory damages, but did award $500,000 in punitive damages on this contract. Such an award is legally unsupportable, as the jury found no actual damages resulting from the claimed fraud. This court further finds no *proof* of actual damages flowing from any actions of this appellee pertaining to this contract. The presence of a second contract signed on the same day which involved the same parties and the same cattle is not relevant to the contract at issue. Thus we affirm the reversal of the award of $500,000 in punitive damages.

## II

Civ. R. 54(C) reads in pertinent part: "* * * [A] demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial." The Civil Rules are, of course, the law of this state with regard to practice and procedure in our state courts. Section 5(B), Article IV, Ohio Constitution.

Civ. R. 54(C) is clear on its face. No damages awarded may exceed the prayer that is in effect on the sixth day prior to trial. In this case, the punitive damages awarded greatly exceeded appellants' prayer, and the court of appeals properly reduced the award to conform to the requested amount.

Appellants claim that such a rule leads to an incongruous situation in that if *no* punitive damages are requested they may be awarded, but that if a request is made the award may not exceed the request. Thus, it is claimed, the better practice for a plaintiff would be to either ask for nothing or ask for an excessive amount.

Civ. R. 54(C) does not draw a distinction between compensatory and punitive damages. Both types of damages are subject to the rule. A major purpose of the limitation in the rule is to put the defendant on notice prior to trial as to his potential liability. The Ohio rule was specifically drafted to be distinguished from its federal counterpart which permits an award that

exceeds the prayer. See Fed. R. Civ. P. 54(c)[1]; Staff Notes to Civ. R. 54(C).

Plaintiffs in this state are thus forced to determine the approximate amount of their total damages prior to trial. Punitive damages are to be approximated as well as compensatory damages by determining the amount which would sufficiently punish and deter the defendant. Nothing prevents the unsure plaintiff from erring on the high side. The duty of the jury (or trial judge) is to match the damages to the proof brought forth. Further, the jury (or trial judge) may award punitive damages *without* a request therefor, as long as the total award does not exceed the compensatory request. Civ. R. 54(C). Thus, we affirm the reduction of the punitive damages awarded.

For the reasons stated, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[1] Fed. R. Civ. P. 54(c) states:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."