919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael J. HOUGHTALING and Kathleen J. Houghtaling,
Plaintiffs-Appellants,
v.
JOHN R. JURGENSEN COMPANY and Danis Industries Corporation,
Defendants-Appellees.
 No. 90-3020.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, Michael J. Houghtaling and Kathleen J. Houghtaling (appellants) appeal from the jury verdict for appellee John R. Jurgensen Co. (Jurgensen). Appellants claim that the District Court erred by: (1) failing to adequately instruct the jury on comparative negligence; (2) refusing to designate the Ohio Manual of Uniform Traffic Control Devices as the controlling statutory authority and failing to instruct the jury that appellee Jurgensen was negligent per se; (3) dismissing appellants' punitive damages claim and denying appellants' motion to amend their complaint to conform with the evidence and again raise the punitive damages claim; and (4) directing a verdict for appellee Danis Industries Corporation (Danis).
 
 
 2
 On the evening of July 18, 1986, appellant Kathleen Houghtaling was in an accident while driving in the left-hand lane on Interstate 70 near Dayton, Ohio. Her car went off the road to the left, crossed the median and collided with a tractor-trailer head on. The section of highway on which she had been driving was under construction at the time of the accident, and the highway and left shoulder had recently been paved. The right shoulder lacked the final paving coat of one-and-one-half inches. Lighted barrels were placed along the right shoulder one foot off the right panel highway lane. There was no edge line between the left lane and the left shoulder, which was fully paved. There was, however, a temporary dotted center line. Kathleen Houghtaling has no memory of the accident, or what immediately preceded it.
 
 
 3
 In July 1988, the appellants brought this suit against appellee Jurgensen, the subcontractor in charge of the repaving of I-70. The appellants later added appellee Danis, the general contractor. The District Court dismissed the appellants' claim for punitive damages and directed a verdict for appellee Danis. The jury returned a verdict for Jurgensen on the remaining claims. The Houghtalings now appeal.
 
 
 4
 Appellants claim that the District Court's instruction to the jury on comparative negligence was inadequate, and that a new trial is therefore in order. The jury returned a special verdict indicating that the appellee Jurgensen was not "negligent in a manner that proximately caused or contributed to causing the vehicular collision at issue in this case." (Joint App. at 156.) The jury determined that Jurgensen had not contributed to the accident at all, and therefore did not even reach the issue of comparative negligence. Appellants are not entitled to a new trial because even if the jury instruction was inadequate, it was harmless error.
 
 
 5
 Appellants also claim that the District Court erred in failing to instruct the jury that Jurgensen's failure to comply with the Ohio Manual of Uniform Traffic Control Devices (the Manual) resulted in negligence per se, or that the Manual was the controlling law in the case. It is unclear what appellants mean by "controlling law." Appellants apparently did not request an instruction that it was negligence per se to fail to install temporary lane markers before nightfall. Appellants do not cite any directive contained in the Manual that requires the use of temporary lane markers in all situations. Instead, appellants cite only to a section of the Manual that states that during repaving, lane markers should be installed before night where they are important for the definition of the road. This section lends itself to a determination of fact as to whether lane markers were needed, not to a determination that Jurgensen was negligent per se, or that that one section of the Manual is the only law applicable in Ohio. It does not appear that appellants were denied the right to argue to the jury that Jurgensen was negligent in failing to install temporary lane markers. The District Court, therefore, did not err in its failure to instruct the jury on negligence per se.
 
 
 6
 Appellants claim next that the District Court erred in dismissing their claim for punitive damages, or in refusing to allow appellants to amend their complaint to address the punitive damages claim. Even if the District Court was in error, however, the error was harmless. "It is well-established that " '[e]xemplary or punitive damages may not be awarded in the absence of proof of actual damages.' " Shimola v. Nationwide Insurance Co., 25 Ohio St.3d 84, 86 (1986), (quoting Bishop v. Grdina, 20 Ohio St.3d 26, 27 (1985)). The jury returned a verdict for Jurgensen in this case, finding that the accident was not attributable to it. The appellants, therefore, are not entitled to punitive damages. See id. Even if incorrect, the dismissal of appellants' punitive damages claim resulted in no harm.
 
 
 7
 Finally, the appellants claim that the District Court improperly dismissed their claim against appellee Danis. Appellants claim that because Danis was the general contractor, Danis is liable for Jurgensen's negligence. The parties agree that in Ohio, a general contractor can only be held liable for the negligence of a subcontractor if the general contractor retains control over the work done by the subcontractor. See Marshall v. Aaron, 15 Ohio St.3d 48 (1984). Otherwise the theory of respondeat superior does not apply. See Councell v. Douglas, 163 Ohio St. 292, 295-96 (1955). Because appellants rely on respondeat superior, therefore, Danis cannot be liable because Jurgensen was found to be not liable. Therefore, even if the District Court erred in directing a verdict for Danis, that error is harmless.
 
 
 8
 The District Court is therefore AFFIRMED.