### Sadeski v. Thompson
[Cite as 8 AOA 557]

*Case No. 90AP-734*

*Franklin County, (10th)*
*Decided December 31, 1990*

*Michael J. Rourke, Lamkin, Van Eman, Trimble & Rourke, for Appellees.*

*William B. Dixon, for Appellants.*

McCORMAC, J.
Plaintiff-appellee, Adolph G. Sadeski, joined with Elizabeth Sadeski and Adolph G. Sadeski, Administrator of the Estate of John Sadeski, deceased, commenced an action in the Franklin County Court of Common Pleas against defendants-appellants, Paul R. Thompson and Moore & Sons Company, for damages resulting from the alleged negligence of the defendants in an automobile accident in which Adolph G. Sadeski and Elizabeth Sadeski were injured and John Sadeski was injured, from which injuries he ultimately died. The prayer for Adolph G. Sadeski was $50,000; the prayer for Elizabeth Sadeski was $50,000; and the prayer for Adolph G. Sadeski, Administrator, was $150,000.

The case was set for a trial by jury to commence on May 23, 1990. Prior to trial, the claim resulting from the death of John Sadeski was settled as was the claim of Elizabeth M. Sadeski. The only pending claim remaining to be tried on May 23, 1990 was the claim of Adolph G. Sadeski.

On May 21, 1990, the attorney for plaintiffs served an amended prayer upon the attorney for defendants increasing the prayer for Adolph Sadeski's claim from $50,000 to $500,000 and the prayer for Elizabeth Sadeski from $50,000 to $100,000. Her claim was settled before trial and Adolph Sadeski's claim was the only claim remaining at the time of trial.

After a jury was impaneled, plaintiffs' counsel stated to the court that the amended prayer was not filed seven days before trial in

accordance with Civ. R. 54(C) and requested that the court grant a five-day continuance of the trial so that the filing would be timely. He stated that he had requested defendants to stipulate to the timeliness but that he was not able to obtain that stipulation. He claimed that evidence that had come to his attention within the past two weeks (the video-taped deposition) established that his client had a claim well in excess of the original prayer.

Defense counsel objected, stating that his preparation had been based on the prayer of $50,000 in the original complaint and that he was not prepared to consider a claim ten times that amount.

The court tersely stated that "the court will permit the late filing of the amendment." The case was tried to the jury who rendered a verdict in the amount of $550,000 and costs, for which the court granted judgment against defendants.

Defendants appeal, setting forth the following assignments of error:

*"FIRST ASSIGNMENT OF ERROR*
"THE TRIAL COURT ERRED IN PERMIT-
TING PLAINTIFF TO AMEND HIS
PRAYER LESS THAN SEVEN DAYS
PRIOR TO TRIAL AS PROVIDED IN CIVIL
RULE 54 (C).

*"SECOND ASSIGNMENT OF ERROR*
"THE TRIAL COURT ERRED IN ADMIT-
TING INTO EVIDENCE PHOTOGRAPHS
OF PLAINTIFF TAKEN SO REMOTE IN
TIME AS TO AROUSE THE SYMPATHY
OF THE JURY AND WHICH WERE
DUPLICATIVE OF TESTIMONY AL-
READY GIVEN."

The original complaint in this action contained a prayer for damages for the claims of Adolph G. Sadeski in the amount of $50,000. That prayer was never formally amended of record, but admittedly a copy of an amended prayer increasing this amount to $500,000 was served personally on the defense attorney two days before trial.

Civ. R. 54(C) provides as follows:

"(C) Demand for Judgment. *** Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled; however, a demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial. Additional service of process is not necessary upon such amendment."

The primary issue in this appeal is whether the trial court has the discretion to allow a judgment for money damages in excess of the demand in the complaint as it existed six days before the commencement of the trial. In other words, may the trial court reduce the time for amending the demand to a period less than seven days before the commencement of the trial.

In *Bishop v. Grdina* (1985), 20 Ohio St. 3d 26, in a unanimous per curiam opinion, the court stated the following:

"Civ. R. 54(C) is clear on its face. No damages awarded may exceed the prayer that is in effect on the sixth day prior to trial. In this case, the punitive damages awarded greatly exceeded appellants' prayer, and the court of appeals properly reduced the award to conform to the requested amount.

"***

"*** A major purpose of the limitation in the rule is to put the defendant on notice prior to trial as to his potential liability. The Ohio rule was specifically drafted to be distinguished from its federal counterpart which permits an award that exceeds the prayer. See Fed. R. Civ. P. 54(c); Staff Notes to Civ. R. 54(C).

"Plaintiffs in this state are thus forced to determine the approximate amount of their total damages prior to trial. Punitive damages are to be approximated as well as compensatory damages by determining the amount which would sufficiently punish and deter the defendant. Nothing prevents the unsure plaintiff from erring on the high side. The duty of the jury (or trial judge) is to match the damages to the proof brought forth. Further, the jury (or trial judge) may award punitive damages *without* a request therefor, as long as the total award does not exceed the compensatory request. Civ. R. 54(C). ***"

In *Douthitt v. Garrison* (1981), 3 Ohio App. 3d 254, plaintiffs, on the date set for trial, orally moved for permission to amend their prayer or to have the case continued or, pursuant to Civ. R. 41, to dismiss their complaint without prejudice. The trial court overruled these motions. The court of appeals found no error. After quoting Civ. R. 54(C),

the court stated "[w]e determine that this provision is mandatory. Since plaintiffs did not timely amend, the trial court did not err in refusing the request for amendment. ***" The court of appeals also found no abuse of discretion on the part of the trial judge in refusing a request for a continuance and a new trial date.

At trial, plaintiff's counsel sought a continuance since he could not obtain a waiver of the Civ. R. 54(C) time requirement from defendants, but that continuance was not granted. Plaintiff now argues that the trial court had discretion to ignore the mandatory provision of Civ. R. 54(C) and to allow an amended prayer to be filed, over objection of defendants, less than seven days prior to trial.

Plaintiff cites Civ. R. 6(B) to support his argument that the court has discretion to reduce the time for amending its prayer to less than seven days before trial. However, Civ. R. 6(B) applies only to extension of times and not to reduction of times. It has no application to the situation herein. If the time is to be shortened, it is necessary that there be a specific provision in the Civil Rules allowing a reduction of time and, in fact, there is discretionary authority in the Civil Rules to reduce the time in certain instances. For example, Civ. R. 33(A) grants the court authority to allow a shorter time to answer interrogatories than ordinarily is the case.

Plaintiff also cites Civ. R. 15(A) in support of his argument that the prayer could be amended less than seven days before trial. In Civ. R. 15(A), it is generally provided that a party may amend his pleading by leave of court and that leave of court should be freely given when justice so requires. However, this provision is a general provision and it does not control over the more specific provision of Civ. R. 54(C). See *Williams v. Glen Manor Home for Jewish Aged, Inc.* (1986), 27 Ohio App. 3d 246.

The Supreme Court, in adopting Civ. R. 54(C), has determined that justice requires that the defendant be notified of the maximum amount of money damages applicable to a claim at least seven days before trial. If there are exigent circumstances that arise within that seven-day period to require, in order for justice to be served, that the prayer be increased, the court should grant a continuance of the trial and the court may abuse its discretion in those circumstances if it does not do so. However, in the instant case, by plaintiff's own admission, he was aware of the circumstances more than seven days before trial and simply failed to timely file an amended prayer.

Plaintiff cites the unreported case of *Osman v. The Pittsburgh & Lake Erie Railroad Co.* (April 12, 1985), Mahoning Cty. No. 83 C.A. 114, for the proposition that the trial court has discretion to allow an amendment increasing the prayer for money damages on the day of trial and to waive the seven-day requirement. We disagree with the Seventh District Court of Appeals in that respect; however, the Seventh District may well be correct so far as the result was concerned. In *Osman,* the parties were informed more than seven days before trial by the trial court that the question of increasing the prayer would be taken up on the day of trial. While technically, plaintiff should have filed the amended prayer prior to that time, it would arguably have been unjust for the trial court to deny the request to increase the demand based upon Civ. R. 54(C) if the seven-day time requirement was not raised, before lapse of the time, either by the trial court or defense counsel. In this case, however, there was no waiver of the seven-day period by defense counsel who made timely objections to the increase in the prayer and who asserted that the case had been evaluated in light of the $50,000 rather than the $500,000 prayer.

Plaintiff finally argues that, even if plaintiff is restricted to the amount of the prayer that existed six days before trial, the total prayer of all three plaintiffs should be considered rather than only the prayer of Adolph G. Sadeski. The total prayer for the three plaintiffs was $250,000 and the prayer of Adolph G. Sadeski was $50,000. Appellee cites the case of *Mers v. Dispatch Printing Co.* (1988), 39 Ohio St. 3d 99, for the proposition that an award does not have to follow the exact breakdown pleaded in the complaint so long as it does not exceed the total damages prayed for in the complaint. However, the *Mers* case involved compensatory and punitive damages for *one* plaintiff as did the case of *Bishop v. Grdina, supra.* In that instance, whether damages in the prayer were labeled compensatory or punitive, the restriction was the total amount of damages prayed for rather than how it was broken down between

compensatory and punitive damages. In this case, however, there were three plaintiffs and the prayers were individual as to each. Each plaintiff at trial could recover under Civ. R. 54(C) only the maximum damages demanded for that plaintiff. At time of trial, there was only one plaintiff, the claims of the other two plaintiffs having been settled. Thus, the restriction for Adolph G. Sadeski is $50,000, the amount of his prayer as it existed six days prior to trial, rather than the combined prayers of $250,000. Payment had already been agreed upon for the other plaintiffs thus voiding any further consideration of their demands.

Defendants' first assignment of error is sustained.

Defendants secondly contend that the trial court erred in admitting into evidence photographs of plaintiff taken so remote in time as to arouse the sympathy of the jury and which were duplicative of testimony already given. The photographs of which defendants complain were a series of photographs of plaintiff, some of which were taken as much as twenty years prior to trial. The photographs duplicated oral testimony about various activities of plaintiff which were tied into the evidence that plaintiff could no longer perform these activities because of his injuries in the automobile accident. While some of the photographs had limited relevance, there was no abuse of discretion in admitting them into evidence. The jury was informed of the time when the pictures were taken and could easily understand what relevance, if any, the photographs had to the damages claimed in the accident.

Defendants' second assignment of error is overruled.

Defendants' first assignment of error is sustained and defendants' second assignment of error is overruled. The judgment is reversed and the case is remanded to the trial court with instructions to reduce the judgment to $50,000.

*Judgment reversed and case remanded with instructions.*

REILLY, P.J., and BROWN, J., concur.

BROWN, J., of the Wayne County Common Pleas Court, sitting by assignment in the Tenth Appellate District.