**BORGES, Appellee,**

v.

**EVERDRY WATERPROOFING OF WAPAKONETA, INC. et al., Appellants.**

[Cite as *Borges v. Everdry Waterproofing of Wapakoneta, Inc.* (1994), 95 Ohio App.3d 175.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–93–20.

Decided June 3, 1994.

*John E. Herman,* for appellee.

*William B. Balyeat,* for appellants.

SHAW, Presiding Judge.

The defendants-appellants, Everdry Waterproofing of Wapakoneta, Inc. and Richard Kocak, appeal from the judgment of the Municipal Court of Auglaize County in favor of the plaintiff-appellee, Patrick Borges.

The record reveals that the appellee had leased a building located at 603 North Dixie Highway, Auglaize County, to Findlay Industries, Inc. The record further reveals that Findlay Industries occupied that building for approximately one and a half years before subleasing to the appellants in March 1991. Subsequently, on December 29, 1992, the appellee and the appellants entered into a three-week lease, which could then be extended until the end of January 1993.

On February 2, 1993, the appellee filed this action, *pro se,* against the appellants for forcible entry and detainer and for back rent "plus damages." The record reveals that the appellants vacated the premises at the end of February 1993.

A trial to the court was held on September 29, 1993. At the close of the appellee's case, the appellants moved to dismiss this case on the ground that the appellee never specified the amount of damages prior to trial. The trial court

overruled the appellants' motion and amended the appellee's complaint to conform to the evidence presented. In its entry dated October 27, 1993, the trial court found damages in excess of $10,000, but only awarded the appellee the sum of $10,000 because of the monetary jurisdiction of the court.

The appellants now appeal from the trial court's decision and assert the following four assignments of error:

"I. The judgment in favor of the appellee is against the manifest weight of the evidence because the appellee did not present competent and sufficient evidence regarding the issue of causation between appellants' conduct and appellee's damages.

"II. The judgment in favor of the appellee is against the manifest weight of the evidence and the law because the appellee failed to present competent and sufficient evidence regarding the issue of the extent of damages incurred to appellee's premises.

"III. The judgment of $10,000 awarded to appellee was contrary to law and was in excess of the prayer for damages pleaded by appellee.

"IV. The lower court erred in permitting the appellee to amend his complaint at the time of trial without providing appellant[s] ample time to prepare for a response thereto."

We will first address the appellants' third assignment of error. In their third assignment of error, the appellants assert that the judgment of $10,000 exceeds the demand for "damages" contained in the appellee's complaint and that the appellee failed to amend his demand no later than seven days before the trial began, as required by Civ.R. 54(C).

The relevant portion of Civ.R. 54(C) provides as follows:

"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled; however, a demand for judgment which seeks a judgment for money *shall limit the claimant to the sum claimed in the demand* unless he amends his demand not later than seven days before the commencement of the trial." (Emphasis added.)

■ As the appellee asserts in his brief, Civ.R. 54(C) is qualified by an exception in Civ.R. 1(C), which declares that the Civil Rules "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer."

■ However, in this case, the appellee combined his claim for forcible entry and detainer and his claim for past-due rent "plus damages" in one complaint filed February 2, 1993. As noted above, the record reveals that the appellants

vacated the premises at the end of February 1993. The record further reveals that the appellee's claim for past-due rent was settled prior to trial. Therefore, on September 29, 1993, the sole issue litigated was the appellee's claim for damages done to the leased premises.

Moreover, R.C. 1923.081, which governs the joinder of causes of action in forcible entry and detainer cases, supports a holding that the appellee's remaining claim for monetary damages is subject to the limitation provision of Civ.R. 54(C). That statute provides as follows:

"A trial in an action for forcible entry and detainer for residential premises * * * pursuant to this chapter may also include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement, unless for good cause shown the court continues the trial on those claims. For purposes of this section, good cause includes the request of the defendant to file an answer or counterclaim to the claims of the plaintiff or for discovery, *in which case the proceedings shall be the same in all respects as in other civil cases.* If, at the time of the trial, the defendant has filed an answer or counterclaim, the trial may proceed on the claims of the plaintiff and the defendant." (Emphasis added.)

Accordingly, we find that the limitation provision of Civ.R. 54(C), set forth above, is fully applicable here notwithstanding the language of Civ.R. 1(C)(3).

In *Bishop v. Grdina* (1985), 20 Ohio St.3d 26, 20 OBR 213, 485 N.E.2d 704, the Supreme Court of Ohio stated:

"Civ.R. 54(C) is clear on its face. No damages awarded may exceed the prayer that is in effect on the sixth day prior to trial. * * *

" * * * *

" * * * A major purpose of the limitation in the rule is to put the defendant on notice prior to trial as to his potential liability. * * *

"Plaintiffs in this state are thus forced to determine the approximate amount of their total damages prior to trial." *Id.* at 28–29, 20 OBR at 214–215, 485 N.E.2d at 705–706.

Since the appellee never specified a dollar amount in his initial complaint, no damages may be awarded in this case unless the appellee's demand was properly amended. See *Shaner v. Gover* (Aug. 20, 1991), Shelby App. No. 17–90–18, unreported, at 4, 1991 WL 355162.

In their fourth assignment of error, the appellants argue that the trial court erroneously amended the appellee's demand for "damages," at the close of his case, to conform to the evidence presented. Civ.R. 15 governs the amendment of pleadings and provides, in pertinent part, as follows:

"(B) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

However, the mandate of Civ.R. 54(C) supersedes the more liberal pleading provisions contained in Civ.R. 15(B), unless the facts present a compelling reason to establish an exception to the limitation. *Smolik v. Andrews Custom Bldrs., Inc.*, (1990), 62 Ohio App.3d 872, 877–879, 577 N.E.2d 726, 729–730. See, also, *Williams v. Glen Manor Home for Jewish Aged, Inc.* (1986), 27 Ohio App.3d 246, 27 OBR 289, 500 N.E.2d 929 (holding that Civ.R. 54[C] is controlling over the more general provisions of Civ.R. 15[A]).

In *Smolik*, the court created the following exception to the limitation imposed by Civ.R. 54(C):

"[W]hen the defendant fails to provide complete, accurate discovery in a timely fashion to permit an amendment to the prayer pursuant to Civ.R. 54(C), or when through no fault of the parties, new evidence of damages, which by due diligence could not have been discovered, is uncovered during the proceedings, the trial court, exercising sound discretion, may permit the plaintiff at trial to amend the prayer to conform to the evidence."

However, in the case *sub judice*, the record contains no such basis for avoiding the application of Civ.R. 54(C). Accordingly, we hold that the trial court erred in amending the appellee's demand for damages to conform to the evidence, and the appellants' fourth assignment of error is well taken.

In the absence of timely amendment pursuant to Civ.R. 54(C), the damages award in this case is limited to the amount demanded in the appellee's complaint. Since the appellee never pled a specific dollar amount of damages in his complaint, his recovery is limited to no damages. *Bishop, supra.* Thus, the trial court erred in awarding the appellee $10,000 in damages. Accordingly, the appellants' third assignment of error is well taken.

Having found the appellants' third and fourth assignments of error meritorious, we find that the appellants' remaining assignments of error are moot. Accordingly, the judgment of the trial court is reversed, and this cause is remanded to the trial court to enter judgment for the appellants consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY and EVANS, JJ., concur.