OPINION
Plaintiff-appellant, Aman J. Calim, appeals the March 13, 2000 decision and order of the Common Pleas Court of Shelby County granting summary judgment in favor of defendants-appellees, Daniel Comer both individually and as Trustee of the Comer Family Trust and Precision Swage, Inc. ("PSI"), and dismissing appellant's complaint.
The undisputed background and procedural history of this case is as follows. On September 6, 1994, appellant initially filed an action against PSI and Comer in the Shelby County Court of Common Pleas seeking to recover the indebtedness alleged in the complaint. Appellant obtained a judgment in his favor from the court.
After the court had found in favor of appellant, but before it had reduced its decision to judgment, Comer, as trustee, filed a U.C.C. financing statement on behalf of the trust to perfect its security interest in certain assets of PSI. See Comer v. Calim (1998),128 Ohio App.3d 599. The Trust subsequently brought an action for replevin in the Hamilton County Court of Common Pleas against both PSI and appellant seeking, among other things, a determination on the issue of priority. Appellant counterclaimed arguing that PSI's transfer of assets to the trust was fraudulent under the Ohio Fraudulent Transfer Act. As part of his prayer, appellant asked for punitive damages against PSI and/or the Trust and attorney fees. The Hamilton County trial court granted appellant's motion for summary judgment and entered a judgment granting appellant a priority first lien on his counterclaim for compensatory damages in the amount of his judgment against PSI. The entry also continued appellant's motion for a hearing on his claims for punitive damages and attorney fees.
On appeal, the Hamilton County Court of Appeals affirmed the trial court's holding that the transfer of PSI's assets was fraudulent. Thereafter, on appellant's motion, the trial court dismissed the remaining claims upon his counterclaim without prejudice pursuant to Civ.R. 41(A)(2).
On November 25, 1998, appellant filed his complaint in the case at bar against the appellees in the Common Pleas Court of Shelby County. Appellant's complaint asserts two counts which are derived from the fraudulent transfer and willful, intentional or malicious conduct. Appellant prayed for actual damages, punitive damages against PSI and/or the Trust, attorney fees, costs, and any other equitable relief. The trial court's judgment entry of March 13, 2000 granted appellees' motion for summary judgment and dismissed the complaint. It is from this decision that appellant now appeals, raising the following assignment of error:
 The trial court erred in granting summary judgment to appellees where appellees failed to establish an entitlement to judgment as a matter of law.
Appellant contends that since he prevailed on the underlying fraudulent transfer case in Hamilton County, he is entitled to proceed with his claims for punitive damages and attorney fees in the Shelby County Court of Common Pleas.
The Ohio Supreme Court has held that "[n]o civil cause of action in this state may be maintained simply for punitive damages." Bishop v.Grdina (1985), 20 Ohio St.3d 26, 28. Rather, punitive damages are awarded as a mere incident of the cause of action in which they are sought. Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638,650. Thus, compensable harm stemming from a cognizable cause of action must be shown to exist before punitive damages can be considered. Id.
Furthermore, if an award of punitive damages is proper, the aggrieved party may also recover reasonable attorney fees. Locafrance United StatesCorp. v. Interstate Dist. Serv., Inc. (1983), 6 Ohio St.3d 198, 202.
It is apparent from the record before us that the instant action is a reassertion of appellant's claims for punitive damages and attorney fees previously associated with the Hamilton County action. Indeed, as appellant admits in his brief, his "claims for punitive damages and attorney fees, at least against PSI and Daniel Comer, Trustee, are a `continuation' of the Hamilton County action[.]" Since it is the Hamilton County court which made the initial determination that a fraudulent transfer of PSI's assets had occurred in the underlying fraud action, it is our conclusion that consideration of the issues of punitive damages and attorney fees pled in connection with that fraud action should remain with the Hamilton County court. Such an outcome is also appropriate in the case sub judice in which appellant voluntarily dismissed his claims for punitive damages and attorney fees that were initially filed in the Hamilton County court and then refiled in Shelby County.
Finally, as the trial court notes, an argument that the instant action involves a party defendant who was not made a party in the Hamilton County action (Daniel Comer, individually) and a new claim for relief (conspiracy) is illusory at best. In fact, appellant asserts in his appellate brief that his complaint alleged "that the three party Defendants committed the fraudulent transfer indicated above, and further alleged that the Defendants maliciously combined to commit the unlawful acts, in a way not competent for a single individual."
Construing the evidentiary materials most strongly in appellant's favor, see Civ.R. 56(C), we find that reasonable minds can come to but one conclusion which is that the issues of punitive damages and attorney fees raised in the complaint filed herein should remain with the Hamilton County Court of Common Pleas. Consequently, the trial court did not err when it granted appellees' motion for summary judgment and dismissed the complaint.
Accordingly, we overrule appellant's assignment of error and affirm the judgment of the trial court.
 ____________________________ SHAW, J.
HADLEY, P.J., and BRYANT, J., concur.