OPINION
This appeal arises from a decision by the Common Pleas Court of Wyandot County, Domestic Relations Division to dismiss the objections filed by Respondent-Appellant and to enter judgment on the decision to which the objections were filed. Finding no merit to the arguments advanced on appeal, we affirm the judgment of the trial court.
On June 29, 2000, the Wyandot County Department of Human Services received a complaint involving the abuse of six-year-old Clifford Jacob Smith ("Appellee") by his father, Clifford Smith ("Appellant"). The child's parents are divorced and his mother, Heather Smith, is the residential parent. Appellant exercises visitation with Appellee.
On July 27, 2000, Appellee, by and through his mother, applied for and was granted an ex-parte protection order that suspended Appellant's visitation rights with Appellee pending further hearing and outcome of any investigation.
During the subsequent hearing that led to the magistrate's recommendation for a ninety-day civil protection order against Appellant, testimony from a social worker with Children Services disclosed that Appellee had stated to her that Appellant was touching him in a way that made him feel uncomfortable. Namely, that Appellant shakes Appellee's penis after urination and cleans Appellee after a bowel movement by wrapping toilet paper around his finger and putting it up Appellee's anus. Appellant admitted to shaking Appellee's penis and inspecting the skin folds of his anus following a bowel movement.
The magistrate recommended a ninety day civil protection order to begin from the date of the magistrate's report based on a lack of credibility regarding Appellant's testimony, the impressionable age of the child, the mother's concern, her requests that Appellant stop the behavior, and Appellee's uncomfortable feeling in response to Appellant's actions. Appellant then filed objections to the magistrate's decision. But, the trial court deemed these objections moot since the time frame of the civil protection order had expired prior to the time of its decision.
Upon appeal to this court, we ordered the parties to submit briefs to show cause why the appeal was or was not moot. After determining that an exception to the mootness doctrine applied, this appeal was granted in which Appellant asserts two separate assignments of error.
 Assignment of Error 1 When a trial court has a policy that automatically grants a civil protection order it violates the appellant's due process rights.
 While Appellant contends that his due process rights were violated by the trial court's use of a blanket policy to formulate decisions concerning child abuse, we choose to avoid the potentially broad implications of these constitutional principles in favor of a more narrowly-tailored discussion of this matter. Accordingly, this issue will be discussed as a potential abuse of discretion by the trial court.
Trial courts have the discretion to render decisions; however, those decisions must be based upon the facts and circumstances before it, including the weighing of witness credibility. To render a decision based upon a blanket court policy would rise, at least, to the level of an abuse of discretion.[1]
In an analogous situation, both the Second District Court of Appeals and the Tenth District Court of Appeals have found that a trial court's policy to refuse to accept no-contest pleas constituted an abuse of discretion because the trial courts failed to consider the facts and circumstances of the individual cases presented before them.[2]
Instead, their decisions were rendered based solely upon a blanket court policy that precluded the use of such pleas regardless of the facts of a particular case or a defendant's individual situation.[3]
During the hearing before the magistrate in this case, the magistrate made an unfortunate statement that Appellant raises as buttressing his concern that the trial court's decision to grant the civil protection order was based upon a court policy and not upon the evidence and testimony before him:
 I think it's just been the Court's policy in the past and it is probably gonna continue to be * * * [that] any time there's an allegation * * * concerning abuse and neglect of children as provided by statute * * * we got a policy that * * * if we're gonna make a mistake we're gonna err on the side of the * * * children.
 Furthermore, Appellant also directs attention to language within the magistrate's recommendation that arguably raises the same concerns:
 If there is any error in the judgment of the undersigned in rendering this decision it shall be on the side of the child in insuring that his health, safety and welfare are fully and adequately protected during the course of the pending investigation.
 Taken in isolation, these remarks would lead one to believe that the trial court may have based its decision on a blanket court policy. But upon a complete review of the record and the magistrate's written decision, we find that the magistrate's decision is supported by sufficient evidence, and there is sufficient explanation by the magistrate to demonstrate that the evidence was fairly considered and the credibility of the witnesses was appropriately weighed.
First, the magistrate's decision demonstrates that he did weigh the credibility of Appellant's testimony:
 Of concern * * * was the credibility of * * * [Appellant's] testimony regarding the necessity to shake his son's penis following urination. * * * [Appellant] stated that although he didn't watch his son urinate and he didn't inspect his penis after urination he nonetheless shook it to be certain no urine remained on it.
Furthermore, the magistrate took into consideration
 the impressionable age of the child, that the mother is troubled by and has asked * * * [Appellant] to stop such unusual and questionable practices, and most importantly that the child is bothered by the same .
 Therefore, while the trial court made unfortunate statements suggesting an established court policy that raises concern for all litigants by this court, the decision rendered herein reflects that the trial court did properly weigh the evidence before it, including weighing the credibility of witness testimony. Since the Appellant has failed to demonstrate that trial court abused its discretion, in this regard, we find this assignment of error to be not well taken.
Accordingly, Appellant's first assignment of error is overruled.
 Assignment of Error 2 When a trial court fails to rule on timely filed objections in a civil protection order proceeding, it violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.
 Rule 53(D)(4)(b) of the Ohio Rules of Civil Procedure relating to courts' actions upon a magistrate's decision states that "[t]he court shall rule on any objections." The Civil Rules of procedure have been incorporated as laws of the state with regard to practice and procedure in state courts.[4] Appellant contends that the trial court failed to timely rule on his objections to the magistrate's decision, which violates his right to equal protection under the law.
According to the trial court, the objections filed were moot by the time the decision was rendered because the civil protection order recommended by the magistrate had already expired. A review of the sequence of events in this case will paint a clear picture as to the trial court's decision and why this court affirms its decision.
On August 23, 2000, the magistrate made his recommendation for a ninety day civil protection order. If approved by the court, the protection order would commence on the date of the magistrate's decision, August 23, 2000, and terminate on November 21, 2000. Appellant filed his objections to the magistrate's decision on October 20, 2000 and Appellee filed his response on October 23. Thereafter, Appellant filed amended objections on November 3, 2000. Appellee then would have had a reasonable period of time to respond to those objections. While Appellee herein failed to respond to the objections, it was not unreasonable for the trial court to have waited a reasonable period of time prior to addressing the merits of the objections. The civil protection order, because it was only a ninety day order, expired by its own terms on November 21, 2000. Therefore, any ruling by the trial court after November 21, could not have afforded Appellant any relief. To overrule the magistrate would have had no effect on Appellant because any restraints the Order may have caused would no longer exist. Therefore, the trial court could not offer any effectual relief by either upholding or overruling the magistrate's decision. The issue became moot and the objections were thus dismissed.
Because of the combination of the length of time taken by Appellant to file his objections to the magistrates decision, and the short duration of the civil protective order herein, the trial court did not violate Civil Rule 53(D)(4)(b) since the objections in question quickly became moot after the filing of the objections. An equal protection claim pursuant to the alleged violation, therefore, is without merit. For these reasons, Appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
SHAW and BRYANT, JJ., concur.
[1] State v. Carter (Dec. 12, 1997), Clark App. No. 96-CA-15, unreported; State v. Graves (Nov. 19, 1998), Franklin App. No. 98AP-272, unreported
[2] Id.
[3] Id.
[4] Bishop v. Grdina (1985), 20 Ohio St.3d 26, 28; Rockey v. 84Lumber Co. (1993), 66 Ohio St.3d 221, 224-25