DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William R. Fry, Jr., appeals from the judgment of the Summit County Court of Common Pleas that granted default judgment in favor of Appellee, National City Bank ("National City"). We reverse the default judgment against Appellant.
 I. {¶ 2} On October 2, 1998, Appellant executed a guaranty of payment, agreeing to accept liability for indebtedness arising from a business credit line issued by National City to John Shuman, dba Shuman's Trailer Repair and Manufacturing. Shuman subsequently defaulted on a loan issued under the business credit line. After its demands for repayment from Shuman and Fry proved unfruitful, National City initiated litigation by filing a complaint, on October 25, 2002. The caption of the complaint names Shuman, dba Shuman's Trailer Repair and Manufacturing, and Fry as defendants. The body of the complaint alleges the indebtedness and default of the defendants and asserts the balance due. The complaint is concluded by the following demand for judgment, which omits any reference to Fry:
"WHEREFORE, the Plaintiff, National City Bank, prays for a Judgment against the Defendants, John Shuman, dba Shuman's Trailer Repair 
Manufacturing, jointly and severally, in the amount of $13,654.01, together with interest at the rate of 10.75% per annum on the principal amount of $10,000 from October 23, 2002, and costs of the within proceedings."
 {¶ 3} Neither Shuman nor Appellant filed an answer or any other responsive pleadings. On February 24, 2003, National City moved for default judgment. On February 26, 2003, the trial court granted default judgment against Shuman, dba Shuman's Trailer Repair and Manufacturing, and Fry, in the amount of $13,654.01, together with interest at the rate of 10.75% per annum on the principal amount of $10,000 from October 23, 2002.
 {¶ 4} William R. Fry appeals, raising one assignment of error.
 II. Assignment of Error
"The trial court committed error by granting a monetary judgment to plaintiff/appellee National City Bank against defendant/appellant William R. Fry when no monetary damages were requested in the complaint against William R. Fry."
 {¶ 5} Appellant argues that the trial court's award of damages against him contravenes the restrictions imposed by Civ.R. 55(C) and Civ.R. 54(C). We agree.
 {¶ 6} Civil Rule 55(A) permits a trial court to enter a default judgment against a party who has failed to plead or otherwise defend in compliance with the Ohio Rules of Civil Procedure. A trial court's decision to grant a motion for default judgment is reviewed under an abuse of discretion standard. Kass v. Oracle Real Estate Group (Aug. 15, 2001), 9th Dist. No. 3141-M, at 3, citing Huffer v. Cicero (1995),107 Ohio App.3d 65, 74. Unlike the initial decision to grant a default judgment, however, the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C). The Civil Rules are "the law of this state with regard to practice and procedure in our state courts." Rockey v. 84 Lumber Co. (1993),66 Ohio St.3d 221, 224. Therefore, the question of whether a trial court's grant of default judgment complies with Civ.R. 55(C) and Civ.R. 54(C) is one of law, which we review de novo.
 {¶ 7} Civil Rule 55(C) provides that "[i]n all cases a judgment by default is subject to the limitations of Rule 54(C)." Civil Rule 54(C)'s limitations on default judgments are contained in its first sentence, which provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."[1]
 {¶ 8} Civil Rule 54(C) is "clear on its face." Bishop v. Grdina
(1985), 20 Ohio St.3d 26, 28. If no damages are prayed for in the demand for judgment, no damages may be awarded. See Shaner v. Gover (Aug. 20, 1991), 3rd Dist. No. 17-90-18. Because National City failed to demand any damages from William Fry, it may not receive an award of damages against him.
 {¶ 9} Casting intimations of bad faith upon Fry's failure to defend himself, National City contends that he should not be able to "escape liability based upon a mere technical omission." Specifically, National City argues that Fry received adequate notice of National City's intentions to seek a defined monetary judgment against him. In support of this argument, National City points to various documents delivered to Fry, including the complaint. National City goes on to maintain that Fry waived his objection to the award of damages by failing to point out the deficiency in the complaint until after the default judgment was rendered. These arguments are unpersuasive.
 {¶ 10} In support of its waiver argument, Appellee cites Delaneyv. Skyline Lodge, Inc., which instructs that the "failure to raise the lack of any specific monetary demand, despite adequate notice of claims of compensatory and punitive damages, until [a] motion for judgment notwithstanding the verdict constitute[s] waiver." Delaney v. SkylineLodge, Inc. (1994), 95 Ohio App.3d 264, 273. Appellee's reliance onDelaney is misplaced. Delaney arose from a procedural context critically different from the one presented by the case at bar. Unlike Fry, the defendant in Delaney chose to enter an appearance in the action and defend itself. Therefore, the plaintiffs in Delaney could not have obtained, and in fact did not obtain, a default judgment. Consequently, the plaintiffs in Delaney were not confronted with Civ.R. 54(C)'s limitations on default judgments, which govern the instant case.
 {¶ 11} The primary purpose of Civ.R. 54(C)'s limitations on default judgments is to ensure that defendants are clearly notified of the maximum potential liability to which they are exposed, so that they may make an informed, rational choice to either: (1) enable a default judgment by not responding, or (2) invest the time and expense involved in defending an action. See White Oak Communities v. Russell (Nov. 9, 1999), 10th Dist. No. 98AP-1563. The plain language of Civ.R. 54(C) unequivocally requires this notification of the maximum potential liability to be communicated through a demand for judgment in the complaint. The complaint filed by National City did not contain a demand for judgment against Fry. The plain language and purpose of Civ.R. 54(C) make clear that the alternative conduits of notice emphasized by National City are ineffective, and that Fry was under no obligation to engage in the suit and point out the flaw in National City's complaint. The Appellant's assignment of error is sustained.
 III. {¶ 12} Appellant's assignment of error is sustained. The judgment of the trial court against William R. Fry is reversed. Pursuant to our authority under App.R. 12(B) to render the judgment the trial court should have entered, we enter judgment in favor of William R. Fry.
Judgment accordingly.
BATCHELDER, J. CONCUR.
[1] The remainder of Civ.R. 54(C) addresses all final judgments other than default judgments, providing that "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings." This language reflects the significant amendment effected on July 1, 1994. Prior to this amendment, this portion of Civ.R. 54(C) restricted awards of damages to those demanded by the prayer that was in effect on the sixth day prior to trial. Bishop v. Grdina (1985), 20 Ohio St.3d 26. Civil Rule 54(C)'s restriction on default judgments was unaffected by the 1994 amendment.