{¶ 17} I respectfully dissent from the judgment of the majority affirming the trial court's decision. This civil action was brought by Red Ferris to recover damages pursuant to R.C. 2307.61. The complaint alleged all of the essential elements for recovery. Aylsworth, while properly served, failed to file an answer. When the case was called before the trial court for hearing, the task for the court as framed by the majority was "to determine that there has been an injury `by a criminal act.'" I would find that 1) the trial court did not determine whether there was proof of a criminal act, 2) the trial court misinterpreted R.C. 2307.60, and 3) in the event it was necessary to determine the truth of an averment by evidence, the trial court abused its discretion in failing to hold a hearing under Civ. R. 55(A).
 {¶ 18} First, it is clear that the legislature did not intend "criminal act" to amount to a criminal conviction that requires proof beyond a reasonable doubt. Had the legislature intended such a requirement for purposes of R.C. 2307.61, it would have used the words "criminal conviction" in R.C. 2307.60. Further, as Red Ferris pointed out below, R.C. 2307.61(G)(1) specifically states that "the trier of fact may determine that * * * a theft offense involving the owner's property has been committed, whether or not any person has pleadedguilty to or has been convicted of any criminal offense or has been adjudicated a delinquent child in relation to any act involving the owner's property." (Emphasis added.)
 {¶ 19} The trial court's colloquy with counsel for Red Ferris focused not on whether a criminal act was established according to the definition of the relevant statute, but rather whether Red Ferris availed itself of other remedies, and whether the matter had been investigated or referred for criminal action. Not only are the latter matters irrelevant, they do not address, nor *Page 9 
did the trial court articulate, the key issue of whether Red Ferris properly alleged matters which if proven would support a verdict based upon R.C. 2307.61.
 {¶ 20} The key issue is whether a criminal act occurred. R.C. 2307.61(A) points to R.C. 2913.01 for a definition of "theft offense." R.C. 2913.01 includes a violation of R.C. 2913.11 in its definition of "theft offense." R.C. 2913.11 states
 "(B) No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument.
 "(C) For purposes of this section, a person who issues or transfers a check or other negotiable instrument is presumed to know that it will be dishonored if either of the following occurs:
 "* * *
 "(2) The check or other negotiable instrument was properly refused payment for insufficient funds upon presentment within thirty days after issue or the stated date, whichever is later, and the liability of the drawer, indorser, or any party who may be liable thereon is not discharged by payment or satisfaction within ten days after receiving notice of dishonor."
 {¶ 21} It is clear that these statutes, R.C. 2307.60, R.C. 2307.61, R.C. 2913.01, and R.C. 2913.11, must be read in conjunction. The majority opinion does not consider the implications that R.C. 2913.01
and R.C. 2913.11 have on the definition of a "criminal act" under R.C. 2307.60.
 {¶ 22} In its opinion, the majority states that the trial court did not abuse its discretion in declining to award treble damages. It then lists factors that it concludes "informed the trial judge's decision that there was no criminal act". I see no evidence in the record that the trial court determined that Red Ferris did not establish a criminal act in this case. Rather, I read the following colloquy, along with the trial court's subsequent decision not to award treble damages, to mean that the trial court believed that nothing less than a guilty plea or finding of guilty could *Page 10 
satisfy the definition of a "criminal act," even though the evidence might show that such a criminal act had occurred.
 "THE COURT: Was Mr. Aylsworth charged, investigated, indicted for this matter?
 "[RED FERRIS' ATTORNEY]: I don't believe so. But I believe there's case law which says there's no requirement that there be a criminal — that there be a finding of — a guilty plea or a finding of guilt."
 "THE COURT: I don't know that it's a criminal act without more. I don't know whether or not the evidence would support a finding of that nature."
 {¶ 23} The majority reads this same passage as a finding by the trial court that Red Ferris had not shown that a criminal act had occurred. As I read this passage differently, I disagree with the majority.
 {¶ 24} Secondly, as I view the colloquy set forth above, the trial court erred in its interpretation of R.C. 2307.60 by imposing a duty upon Red Ferris to prove the theft offense by a criminal conviction or guilty plea. This position does not comport with R.C. 2307.61(G)(1). Therefore I disagree with the majority's position that the trial court properly applied the law to the facts of this case.
 {¶ 25} Finally, I would point out that this case was determined upon default judgment. Therefore, a review of Civ. R. 55 is essential to our consideration of this case.
 {¶ 26} Civ. R. 55(A) states, in pertinent part;
 "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." (Emphasis added.)
 {¶ 27} A trial court's decision to grant default judgment is reviewed under an abuse of discretion standard. National City Bank v.Shuman, 9th Dist. No. 21484, 2003-Ohio-6116, at ¶ 6. *Page 11 
An abuse of discretion is more than an error of judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. Under this standard, an appellate court may not substitute its judgment for that of the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 28} In its complaint, Red Ferris alleged, in part, that on February 26, 2007, Aylsworth presented Red Ferris a check for payment for a vehicle. Red Ferris further alleged that upon presentment, the check was dishonored due to insufficient funds. Finally, Red Ferris alleged that after notification of the bank's dishonor of the draft, Aylsworth failed to make good on the debt, giving rise to a statutory presumption of an intention not to pay. Therefore, Red Ferris has pled facts that would lead to a finding that Aylsworth intended to pass a bad check under R.C. 2913.11(B) and (C)(2), which amounts to a theft offense under R.C. 2913.01. This in turn leads to a finding of a theft offense under R.C. 2307.61(A). Consequently, a civil action for a violation of R.C. 2307.61
was properly brought under R.C. 2307.60.
 {¶ 29} Civ. R. 55 grants the trial court the discretion to hold a hearing to "determine the amount of damages or to establish the truth of any averment by evidence[.]" I believe that, in the instant case, the trial court should have held an evidentiary hearing to allow Red Ferris to present its arguments and evidence as to whether Aylsworth committed a "criminal act." While a short hearing was held on September 11, 2007, it appears that this hearing focused on whether alternative remedies were available to Red Ferris, not evidence in support of Red Ferris' averments that Aylsworth committed a criminal act as alleged in count 7 of the complaint.
 {¶ 30} Aylsworth failed to respond to Red Ferris' complaint. It is because of this failure that Red Ferris was deprived of an opportunity to present evidence with regard to Aylsworth's criminal act as alleged in count 7 of its complaint. Yet, by failing to hold a hearing so that Red *Page 12 
Ferris could prove the averments in its complaint, the trial court's judgment serves to reward Aylsworth for defaulting on his answer. I would find that public policy favors allowing Red Ferris the opportunity to present argument and evidence on this issue. Accordingly, I would find that the trial court abused its discretion in not holding a hearing on this issue. Therefore, I would reverse and remand with instruction to hold a hearing under Civ. R. 55 to determine whether the evidence supports Red Ferris' contention that Aylsworth committed a "criminal act." *Page 1