DECISION AND JUDGMENT
{¶ 1} Appellant, George Hicks, appeals from: (1) an entry of summary judgment that was entered against him and in favor of appellee, Priscilla Belmon; and (2) an entry of judgment denying Hicks a default judgment on his counterclaim. For the reasons that follow, we affirm in part, and reverse in part, the judgment of the trial court.
 {¶ 2} The facts of this case are undisputed and are as follows. Hicks rented certain residential property to Belmon pursuant to a written lease agreement dated June *Page 2 
10, 2005. Belmon moved from the property in April 2006. On October 5, 2006, Belmon, pro se, filed suit against Hicks, seeking the return of her security deposit pursuant to R.C. 5321.16. Hicks filed an answer and counterclaim. On June 29, 2007, attorney Joanna Baron entered her appearance for Belmon. Neither Belmon nor her counsel ever filed a reply to Hicks' counterclaim.
 {¶ 3} On July 6, 2007, Belmon filed a motion for summary judgment. Hicks responded with a memorandum in opposition and an affidavit. On August 28, 2007, the trial court granted summary judgment in favor of Belmon and scheduled the matter for an assessment of damages hearing.
 {¶ 4} Hicks filed a motion for reconsideration on September 5, 2007. The trial court denied that motion on November 2, 2007.
 {¶ 5} On November 19, 2007, Hicks filed a motion for default judgment on his counterclaim. Belmon timely filed a memorandum in response to the motion, but she did not seek leave to file a late pleading nor did she make any attempt to explain why she failed to file a reply to Hicks' counterclaim.
 {¶ 6} On December 3, 2007, the trial court held the assessment of damages hearing on Belmon's motion for summary judgment. At the end of the hearing, the court awarded Belmon damages in the amount of $1,100 (representing two times the amount of Belmon's original $550 security deposit). During the hearing, Hicks requested that the *Page 3 
court schedule an assessment of damages hearing on his counterclaim, as Belmon was in default of answer to the counterclaim. The court took the request under advisement.
 {¶ 7} Belmon's counsel filed a motion for attorney fees and costs on February 7, 2008. The trial court granted the motion on February 22, 2008; attorney fees were awarded in the amount of $300, and court costs were awarded in the amount of $114.
 {¶ 8} On February 27, 2008, the trial court denied Hicks' motion for default judgment and dismissed the underlying counterclaim.
 {¶ 9} In this appeal, Hicks raises the following assignments of error:
 {¶ 10} I. "THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT TO BELMON ON HER [R.C.] 5321.16 CLAIM."
 {¶ 11} II. "THE LOWER COURT ERRED IN DENYING HICKS A DEFAULT JUDGMENT ON HIS COUNTERCLAIM."
 {¶ 12} III. "THE LOWER COURT ERRED IN AWARDING DOUBLE DAMAGES, FEES, AND COSTS."
 {¶ 13} Hicks argues in his first assignment of error that the trial court erred in granting summary judgment to Belmon on her claim for damages against him.
 {¶ 14} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ. R. 56(C) provides: *Page 4 
 {¶ 15} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 16} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party.Ryberg v. Allstate Ins. Co. (July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son, Inc. v. Midwestern Indemnity Co. (1992),65 Ohio St.3d 621, 629.
 {¶ 17} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ. R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 18} Hicks argues that Belmon failed to meet her burden under Civ. R. 56, because she failed to come forward with documentary evidence in support of her *Page 5 
assertion that Hicks had failed to send Belmon certain "written notice" as required by R.C. 5321.16. Belmon agrees with this assertion, and concedes that summary judgment should not have been granted in her favor. We, too, are persuaded that Belmon's motion was inadequately supported and that, as a result, summary judgment was inappropriately granted in this case. Accordingly, Hicks' first assignment of error is found well-taken.
 {¶ 19} Hicks argues in his second assignment of error that the trial court erred in denying him a default judgment on his counterclaim, because the evidence is undisputed that Belmon failed to file a reply (or otherwise respond) to the counterclaim. Belmon concedes the deficiency regarding her response, but argues that the denial was proper, nevertheless. Specifically, Belmon argues that the trial court appropriately denied a default judgment to Hicks, because the trial court could not grant Hicks the relief sought in his demand for judgment pursuant to Civ. R. 54(C) and 55(C).
 {¶ 20} A trial court's decision as to whether to grant a motion for a default judgment is reviewed under an abuse of discretion standard.National City Bank v. Shuman, 9th Dist. No. 21484, 2003-Ohio-6116, ¶ 6. Judgment by default is governed by Civ. R. 55, which relevantly provides that "[i]n all cases a judgment by default is subject to the limitations of Civ. R. 54(C)." Civ. R. 55(C). Civ. R. 54(C), in turn, provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Civ. R. 54(C). *Page 6 
 {¶ 21} The demand for judgment in Hicks' counterclaim requests "judgment in accordance with their [sic] complaint filed in Case No. CVG-06-13186." Case No. CVG-06-13186 is not a part of the record in this matter and, in fact, appears to be wholly unrelated to this matter. Significantly, the demand for judgment in Hicks' counterclaim does not request any judgment whatsoever against Belmon.
 {¶ 22} Applying the plain language of Civ. R. 54(C) to the facts of this case, we find that Hicks may not receive an award of damages against Belmon, for the simple reason that his demand for judgment fails to demand any damages from her. See National City, supra (holding that where plaintiff failed to demand damages from a particular defendant, plaintiff could not receive an award of damages against that defendant). Based on the foregoing, we find that the trial court did not abuse its discretion in refusing to grant Hicks a default judgment against Belmon. Accordingly, Hicks' second assignment of error is found not well-taken.
 {¶ 23} In light of our determination in connection with Hicks' first assignment of error, we find his third assignment of error, challenging the trial court's award of damages, fees, and costs, to be moot.
 {¶ 24} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded to the trial court for entry of a judgment consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in *Page 7 
preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J. Arlene Singer, J., William J. Skow, P.J., CONCUR. *Page 1